UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GARY CATTI,                                    MEMORANDUM AND ORDER

                Plaintiff,                       CV 05-3662

    -against-                                (Wexler, J.)

DIAMEDIX CORPORATION,

                Defendant
------------------------------------------------------X

APPEARANCES:

    LEEDS MORELLI & BROWN, P.C.
    BY: RICK OSTROVE, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 347
    Carle Place, NY 11514

    STEARNS WEAVER MILLER WEISSLER
    ALHADEFF & SITTERSON, P.A.
    BY: ANDREW L. RODMAN, ESQ.
    Attorneys for Defendant
    150 W. Flagler Street, Suite 2200
    Miami, FL 33130

    CARELLA, BYRNE, BAIN, GILFILLAN,
    CECCHI, STEWART & OLSTEIN
    BY: JAMES E. CECCHI, ESQ.
    Attorneys for Defendant
    5 Becker Farm Road
    Roseland, NJ 07068

WEXLER, District Judge

    This is an employment discrimination action commenced by Plaintiff Gary Catti ("Catti" or "Plaintiff") alleging that he was terminated in violation of the Americans With Disabilities Act, 42 U.S.C. § 12102 (the "ADA"), and the New York State Human Rights

1

Law, N. Y. Exec. L. § 290 (the "NYSHRL")[1]. Defendant, Diamedix Corporation ("Diamedix" or "Defendant") is Plaintiff's former employer.[2] Presently before the court is Defendants' motion to transfer this action to the United States District Court for the Southern District of Florida. For the reasons set forth below, the motion is denied.

## BACKGROUND

I. <u>The Parties and the Allegations of the Complaint</u>

Plaintiff is an individual who resides in the State of New York in this district. Prior to his termination, he was employed by Defendant as a sales representative responsible for the company's Long Island and New England markets. Defendant is a Florida corporation with a place of business in Miami, Florida. Diamedix does business in the State of New York and concedes that personal jurisdiction exists in this state. Plaintiff, who suffers from multiple sclerosis, was employed by Defendant until his termination in October of 2004. The facts forming the basis of Plaintiff's complaint took place during a sales meeting held in Florida. Those facts, taken as true for the purpose of this motion, follow.

In October of 2004, Defendant held a five day national sales conference in Miami, Florida. Plaintiff and other sales representatives took part in mock sales presentations during which they were instructed to give both individual and joint sales presentations to

---

[1] Plaintiff's complaint also sets forth a claim for age discrimination. That claim has been abandoned as Plaintiff concedes a failure to exhaust his administrative remedies.

[2] While Plaintiff originally named the corporate defendant and three individuals as defendants, the individual defendants have been dismissed.

2

members of management and to other sales representatives. Among those members of management taking part in the presentations were Nevin Breedlove, the national sales manager ("Breedlove") and Ray Earle, the vice-president of sales ("Earle"). Also present at the conference was Duane Steele ("Steele") the corporate defendant's President.

Plaintiffs alleges that during his joint sales presentation, Breedlove referred to Plaintiff as "the guy with the limp who looks like he's always drunk." Breedlove is also alleged to have made other boorish comments during the presentation. In response to those comments, Plaintiff alleges that he asked Breedlove to be serious and professional.

After speaking to Breedlove, Plaintiff left the room to speak with Steele to complain about Breedlove's comments. Plaintiff alleges that thereafter, upon information and belief, Steele contacted Earle who approached Plaintiff and instructed him to accompany him to an employee dining room. In that room, Earle is alleged to have expressed to Plaintiff that if he did not like the way the meeting was taking place he should get his "cripple ass out." Plaintiff responded that Earle was being disrespectful and Earle is then stated to have told Plaintiff that he was "done." Plaintiff was paid by Diamedix until the end of October 2004 and thereafter terminated. Based upon these factual allegations, Plaintiff alleges unlawful termination based upon his disability and in retaliation for taking part in activity protected by the ADA.

II. Defendant's Motion

As originally framed, Defendant's motion sought dismissal for failure to state a claim and for improper venue. A transfer of venue was sought in the alternative. The motion for failure to state a claim sought dismissal of a claim of age discrimination that

3

Plaintiff has now conceded was not raised before the EEOC and has therefore been abandoned. The motion also sought dismissal on the ground of improper venue, a matter that is no longer at issue since Defendant concedes that venue is appropriate in this District. Accordingly, the motion presently before the court is only a motion to transfer venue, pursuant to 28 U.S.C. §1404(a), for the convenience of parties and witnesses and in the interests of justice. After outlining applicable legal principles, the court will turn to the merits of the motion.

## DISCUSSION

I. <u>Transfer: General Principles</u>

28 U.S.C. §1404 ("Section 1404") and 28 U.S.C. § 1406 ("Section 1406") govern change of venue. Where, as here, the forum chosen is proper, Section 1404 allows for transfer for the convenience of the witnesses or parties and in the interests of justice. 28 U.S.C. § 1404(a). The burden on such a motion is on the party seeking transfer. <u>Schwartz v. Marriot Hotel Servs., Inc.</u>, 186 F. Supp.2d 245, 248 (E.D.N.Y. 2002); <u>Jones v. United States</u>, 2002 WL 2003191 *2 (E.D.N.Y. 2002); <u>Longo v. Wal-Mart Stores, Inc.</u>, 79 F. Supp.2d 169, 170-71 (E.D.N.Y. 1999).

When considering whether the discretion to transfer should be exercised, the court considers first whether venue is proper in the proposed transferee district. <u>Longo</u>, 79 F. Supp.2d at 171; <u>Laumann Mfg. Corp. v. Castings U.S.A., Inc.</u>, 913 F. Supp. 712, 720 (E.D.N.Y. 1996); <u>see</u> 28 U.S.C. §1404(a) (allowing for transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court then considers whether transfer will serve the convenience of witnesses and parties and is in

the interests of justice. GLMKTS, Inc. v. Decorize, Inc., 2004 WL 2434717 *1 (E.D.N.Y. 2004).

To make this determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. See, e.g., Kroll v. Lieberman, 244 F. Supp.2d 100, 102 (E.D.N.Y. 2003); Schwartz, 186 F. Supp.2d at 248; Longo, 79 F. Supp.2d at 171.

The court is mindful that Section §1404(a) protects those involved in litigation from needless inconvenience and costs. Castaneira v. Gannon, 1999 WL 1487630 *3 (E.D.N.Y. 1999). Nonetheless, deference is to be given to plaintiff's choice of forum and transfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum. GLMKTS, 2004 WL 2434717 *3; Kroll, 244 F. Supp.2d at 103; Innovations Enterprises LTD. v. Haas-Jordan Co., Inc., 2000 WL 263745 *2 (E.D.N.Y. 2000). Where transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum is not to be disturbed. Innovations Enterprises, 2000 WL 263745 *2.

II. Arguments of the Parties

In support of the motion to transfer this matter to Florida, Defendant notes first that it is a Florida Corporation with its principal place of business in that state. It is

further stated that the facts giving rise to the claim of discrimination took place wholly within the state of Florida. Two key witnesses referred to above, Steele and Earle, are stated to reside in Florida and it is alleged that their convenience would be served by transfer. Breedlove is no longer employed by Diamedix and currently resides in North Carolina. Diamedix has identified three other witnesses who reside in Florida and are alleged to be in possession of relevant information.

In opposition to the motion, Plaintiff argues first that his choice of forum is entitled to deference and contrasts his position with that of the corporate Defendant. Deference is argued to be especially appropriate in this case because of the great hardship that Plaintiff would suffer if forced to litigate in Florida. As noted, Plaintiff suffers from multiple sclerosis. He argues that his disease, which is treated by New York doctors, coupled with his limited financial resources, are two factors that would place an extreme burden on him if forced to litigate in Florida. While he cannot counter Defendant's argument that the facts giving rise to the lawsuit took place in Florida, Plaintiff notes that Defendant regularly does business throughout the United States and the company would suffer little hardship if required to litigate here.

III.   Disposition of the Motion

Based upon the factual discussion above, the court concludes, as a threshold matter, that venue is proper here as well as in the Southern District of Florida, the proposed transferee district. Nonetheless, upon consideration of the factors referred to above, the court declines to exercise its discretion to transfer this matter. First, as noted, Plaintiff's choice of forum is entitled to great weight. While Defendant has identified a

6

greater number of witnesses for whom Florida would be the more convenient forum, Plaintiff's debilitating illness and limited financial resources make this factor as well as the factor of relative means of the parties, tip decidedly in his favor.

As to the remaining factors, they are, for the most part, neutral. The fact that the incident giving rise to the complaint took place in Florida is of little importance in this case. The witnesses will testify as to what occurred and what was said. It matters little where the statements were made. No party has identified documents or other sources of proof that would tip the balance in either direction. In any event, this factor is of limited importance in a case where documentary evidence is likely to play a limited role. Nor has any party argued that their preferred forum is more familiar with governing law.

As noted above, a transfer of venue should not be granted merely to shift the burden of inconvenience from one party to the other. Schwartz, 186 F. Supp.2d at 250. Here, a transfer would shift substantial inconvenience to the party least able to bear that burden. Additionally, Plaintiff's forum choice is not to be disturbed unless justice weighs heavily in favor of transfer. Here, it does not. In light of the foregoing, the court holds that transfer of this matter pursuant to 28 U.S.C. § 1404(a) is not appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is denied. If they have not already done so, the parties are ordered to contact the Magistrate Judge assigned to

this matter so that discovery may proceed. The Clerk of the Court is directed to terminate the motion to dismiss.

SO ORDERED

                                    LEONARD D. WEXLER
                                    UNITED STATES DISTRICT JUDGE

Central Islip, New York
February 14, 2006